

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2008

# Pangkey v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3121

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pangkey v. Atty Gen USA" (2008). *2008 Decisions.* Paper 965.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/965

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3121
_____

RICKY NOURY PANGKEY,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A 79-708-121)
Immigration Judge: Daniel A. Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2008

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: June 27, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Ricky Noury Pangkey, a practicing Christian and citizen of Indonesia, petitions for

review of a final order of the Board of Immigration Appeals ("BIA"), denying his motion

to reopen a previous Board decision ordering his removal from the United States.

Pangkey entered the United States on July 8, 1991, as a non-immigrant visitor authorized to stay until January 8, 1992. He remained in the country after that date and was issued a Notice to Appear, dated April 3, 2003. In defense of his removal, Pangkey filed an application for withholding of removal and for protection under the Convention Against Torture ("CAT").

At the October 25, 2004 merits hearing before an Immigration Judge ("IJ"), Pangkey stated that he came to the United States in pursuit of "a better life" and feared returning to Indonesia because of the ongoing conflict between Christians and Muslims in Indonesia. He acknowledged that his parents, one sibling, and his adult son—also Christians—had remained in the predominately Christian area of Manado, Sulawesi, Indonesia, without apparent difficulty.

Noting that Pangkey claimed no past persecution or torture, and expressed no fear of persecution by the Indonesian government, the IJ concluded the hearing by denying Pangkey's applications for withholding of removal and protection under CAT. The IJ granted Pangkey voluntary departure, and ordered him removed to Indonesia in the event he failed to depart voluntarily.

The Board adopted and affirmed the IJ's decision on January 24, 2006. Pangkey did not seek review of the Board's decision. Instead, Pangkey filed a series of motions to

reopen, all of which were denied.[1] The Board denied Pangkey's third motion to reopen on July 9, 2007, concluding that the evidence submitted failed to demonstrate probative evidence of changed country conditions in Indonesia. Pangkey now seeks judicial review of the Board's July 9, 2007 denial of his motion to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992); Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002). We will deny a petition for review unless the Board's decision was arbitrary, irrational, or contrary to law. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

Pangkey's third motion to reopen was untimely by ten months.[2] An alien who seeks to reopen his removal proceedings must file a motion no later than ninety days after the date of the final administrative decision. See 8 C.F.R. § 1003.2(c)(2). To overcome this time bar, an applicant must supply evidence of "changed circumstances arising in the country of nationality" that was "not available and could not have been discovered or presented at the previous hearing." See id. § 1003.2(c)(3)(ii).

Pangkey does not dispute the BIA's finding that his motion to reopen was

---

[1]The Board denied Pangkey's first motion reopen on June 9, 2006, because he had failed to demonstrate changed country conditions in Indonesia. See 8 C.F.R. § 1208.4(a)(4)(i)(A). The Board denied his second motion on December 14, 2006. The Board found the motion both time and numerically barred pursuant to 8 C.F.R. § 1003.2(c)(2), and noted that the evidence submitted once again failed to establish a material change in conditions in Indonesia. (See Administrative Record ("A.R.") at 113.)

[2]The BIA issued its final administrative decision in this case on October 25, 2004. Therefore, Pangkey's motion to reopen was due on or before January 24, 2005. Pangkey did not file his third motion to reopen, the subject of this appeal, until February 16, 2007.

untimely, nor does he assert that the evidence he attached to his motion was "material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Instead, he submits that the BIA acted irrationally ignoring that the new evidence he seeks to present "constitutes prima facie eligibility for the relief of asylum, withholding of removal and relief under Article II Of the Convention Against Torture." (Appellant's Br. at 6.) In particular, Pangkey argues that the 2005 International Religious Freedom Report and other news articles support his motion to reopen because they document "continued violence" between "Christians and Muslims," as demonstrated by an attack on two churches, gunfire directed at a house being used for prayer meetings at a Protestant congregation, and the shooting of a clergy woman and injury to churchgoers. (Id.)

As the Board correctly concluded, the documentation provided by Pangkey does not demonstrate changed country conditions as required by the regulations governing motions to reopen. Instead, the report and accompanying articles are cumulative to his original application, as they discuss ongoing corruption and general violence perpetrated against Christians in Indonesia—conditions that existed at the time of Pangkey's original merits hearing before the IJ. Pangkey has not provided evidence of a new and imminent threat to him in particular, or to Christians in general in the region where Pangkey's family lives. Although prima facie eligibility for the requested relief is necessary for the grant of a motion to reopen, see Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004), it is

4

not sufficient when a motion is untimely.[3]

For the foregoing reasons, we will deny the petition for review.

---

[3]Even when a motion to reopen is timely filed, the BIA "has discretion to deny [that] motion . . . even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).